## GEORGE STORCH v. A. B. HARVEY & CO.

1. LANDLORD AND TENANT—*New Lease—Evidence.* In an action to recover rent for the use of real estate, there was a written lease "for the term of one year, with the option of the second party to keep said premises three years, if so desired, at the same rate of rent as the first year." The lessee occupied the premises and paid rent for the same about one year and five months, and the principal question tried was whether the lessee elected to exercise his option and hold over the year under the written lease, or was holding under another and different lease, claimed by the lessee to have been entered into just prior to the expiration of the year. The jury found that a new lease was made. *Held,* That there was sufficient testimony to sustain the finding, and that it was not necessary that the new lease should be in writing.

2. DEPOSITION—*Contradicting Testimony—Practice.* Where the defendant in a case has testified, and the plaintiff, who had previously taken defendant's deposition, introduces and reads a portion of the same relating to a certain transaction, with a view of contradicting the testimony given by defendant on the trial, it is not error for the court to permit defendant to read other parts of the deposition which related to the same subject or transaction.

### *Error from Atchison District Court.*

ACTION for rent. Judgment for defendants at the April term, 1888. The plaintiff *Storch* comes here. The facts are stated in the opinion.

*J. F. Tufts,* for plaintiff in error.

*W. W. & W. F. Guthrie,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: George Storch brought this action against A. B. Harvey & Co. to recover $493.95, alleged to be due as rent for a store building in Muscotah. A written lease was executed on February 6, 1884, "for the term of one year, with the option of the second party to keep said premises three years, if so desired, at the same rate of rent as the first year." The rent agreed to be paid was $282 a year, in

monthly installments of $23.50. The defendants went into possession of the premises, and continued to use the same until July 1, 1885, paying rent up to that time. The possession of the premises was then surrendered, and the property was leased to others, and the rent was paid to and received by plaintiff. The plaintiff claims that the defendants, by occupying the building beyond the year stipulated in the lease, exercised their option to hold it for three years, and were liable for the rent under the terms of the lease for the full time. On the other hand, the defendants claim that they only held the property under the lease for the year specified, when they elected not to exercise the option to hold longer under the lease; that they desired the use of the building for a short time after the expiration of the year, and until they could complete a building which they were about to erect for their own use, and that, prior to the expiration of the year, they entered into another contract with plaintiff to lease the building temporarily at a rental of $23.50 per month for such time as they desired to use it. The case was tried with a jury, which adopted the theory of the defendants and gave a verdict in their favor. The plaintiff complains of the result, and assigns numerous grounds of error; but the real question involved, and which was submitted to the jury, was whether a second contract was made, as the defendants claim.

It is conceded that the defendants surrendered the possession of the property on July 1, 1885, and that they paid the rent for the term of one year, and also at the rate of $23.50 per month for the time which they held it beyond the year. The rent for the fractional month from June 6, 1885, to July 1, 1885, was $19.50, which was paid by defendants and accepted, and no further demand for rent was made until December 6, 1887, which was ten months after the expiration of three years. The testimony of Harvey was to the effect that he went to Storch about a month previous to the expiration of the term, and notified him that they would not hold the premises under the lease beyond the term, and at the same time entered into another contract with him, by which they

were to hold the premises at a rental of $23.50 per month until their own building was completed. They proceeded with the erection of their own building, a fact well known to plaintiff's agent, and finished it on July 1, 1885, when they moved their goods over from the plaintiff's building, and rent was then accepted by the plaintiff for the actual time which defendants occupied the premises. There is also testimony tending to show that plaintiff accepted the possession of the premises and let the same to others, taking compensation therefor. If the defendants had held over the term without declaring their purpose, it might be taken as evidence that they had elected to exercise their privilege and hold the lease for the additional period of two years, under the terms of the lease, but the jury have found, upon sufficient testimony, that defendants were occupying the premises, after February 6, 1885, under a new and independent contract. It was the duty of the lessees, if they desired to continue under the lease, to give prompt notice of their purpose; but as they did not desire to continue the lease, no election was required. However, if a notice had been necessary, it was given in good time; and accepting defendants' testimony, as we must, the exercise of the option was not a mere mental operation of the defendants, unknown except to themselves, but they made a new contract, which leaves no room for contending that the further occupation of the premises indicated an intention of the defendants to hold under the original lease.

Plaintiff seems to contend that a writing was necessary between the parties in order to change the terms of the lease, or the conditions under which they continued in possession of the premises. There is no change of the original lease; it terminated at the end of the year, unless the defendants desired to and did elect to extend it. They did not desire to exercise this privilege, and so notified the plaintiff; and the new lease was for so brief a period that it was unnecessary to commit it to writing.

Considerable complaint is made of the rulings of the court in the admission of testimony; but we find no such errors as

would justify the overturning of the verdict.   The agency of McLain is sufficiently shown to warrant the introduction of testimony of what was said and done by him in connection with the leasing of the premises.   He resided in Muscotah, where the property was situated, and was invested with authority to care for the property and to collect the rents therefor.   The second contract leasing the premises, however, was made directly with the plaintiff himself.

The deposition of one of the defendants had been taken in advance of the trial, and after this party had testified at the trial, the plaintiff read a portion of the deposition which he had given, with a view of contradicting him, and inquired of him if he had so testified.   The defendants then, over the objections of the plaintiff, read additional portions of the deposition which related to the same subject; and of this he now complains.   It would be manifest injustice to introduce a portion of the testimony of a witness on any subject, without allowing the introduction of all that was said by the witness on that subject.   The court committed no error in admitting the other answers or statements of the witness concerning the same transaction.

The ruling of the court on the giving and refusal of instructions is a subject of complaint; but we find no prejudicial error, and think that the charge given fairly presented the case to the jury.   The findings of the jury appear to be sufficiently definite, and these answer some of the numerous objections urged against the rulings on the testimony.   The real, and in fact about the only, question in the case is one of fact, as to whether a second contract was made, and upon this there is a sharp conflict in the testimony; but the verdict of the jury settles that conflict in favor of the defendants, and we find no sufficient ground for disturbing the verdict.

The judgment will be affirmed.

All the Justices concurring.